NO. 07-06-0072-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 21, 2006

_____

GARY DALE PHELPS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 49,680-A; HONORABLE HAL MINER, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Pursuant to a guilty plea, appellant Gary Dale Phelps was granted deferred adjudication for forgery of a financial instrument, placed on community supervision for two years, and assessed a $1,000 fine. Upon the State's motion to adjudicate guilt for violations of community supervision, the trial court granted the motion and imposed

punishment at two years confinement and a $1,000 fine. Sentence was pronounced on October 5, 2005. On February 28, 2006, appellant filed a *pro se* "Motion to Appeal." We dismiss for want of jurisdiction.

A defendant must file a written notice of appeal with the trial court clerk within 30 days after the date sentence is imposed. Tex. R. App. P. 25.2(c) & 26.2(a)(1). The Rules of Appellate Procedure provide for a 15-day extension in which to file the notice of appeal if it is accompanied by a motion for extension of time. Tex. R. App. P. 26.3 & 10.5(b)(2). This Court is without jurisdiction to address the merits of an appeal and can take no action other than to dismiss if an appeal is not timely perfected. *See* Slaton v. State, 981 S.W.2d 208, 210 (Tex.Cr.App. 1998).

Appellant's sentence was imposed on October 5, 2005. No post-conviction motion was filed; thus, the deadline for filing the notice of appeal was November 4, 2005, or 15 days thereafter if accompanied by a compliant motion for extension of time. Appellant was directed by letter from the Clerk of this Court to explain why the appeal should not be dismissed for want of jurisdiction. Appellant filed a response expressing dissatisfaction with appointed counsel and asserting counsel had advised him an appeal would be filed. Nevertheless, the notice of appeal filed on February 28, 2006, is untimely and does not invoke our jurisdiction.

Accordingly, the purported appeal is dismissed for want of jurisdiction.[1]


Don H. Reavis
Justice


Do not publish.

---

[1]Appellant may have recourse by filing a post-conviction writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2005).